NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RACHEL C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.C., *Appellees*.

No. 1 CA-JV 21-0134
FILED 9-14-2021

Appeal from the Superior Court in Maricopa County
No. JD 532600
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

¶1          Rachel C. ("Mother") appeals the juvenile court's order terminating her parental rights to her daughter A.C., born in 2014. Because reasonable evidence supports the order, we affirm.

## BACKGROUND

¶2          Mother and Thomas L. ("Father") are A.C.'s biological parents. Father is not a party to this appeal.

¶3          In March 2019, police were called to maternal grandmother's home because Mother was incoherent and appeared to be under the influence of drugs. Mother was taken to a mental health facility for a 72-hour psychological observation. After her release, she returned to maternal grandmother's home and left with A.C. Though it made several attempts to find Mother, the Department of Child Services ("DCS") was unable to contact her until June. Because she continued to behave erratically, DCS requested that she submit to drug testing. A urine analysis was negative, but Mother refused a hair follicle test. A few days later, however, Mother admitted she recently used methamphetamine, marijuana, and unprescribed Adderall.

¶4          DCS petitioned for dependency, alleging Mother was unable to parent due to substance abuse, mental health, and neglect. After Mother failed to appear at a pretrial conference, the juvenile court granted the petition and approved a case plan of family reunification. A.C. was placed with paternal grandparents and DCS offered Mother various services, including substance abuse treatment and testing.

¶5          In December 2020, DCS moved for termination of Mother's parental rights based on 15 months' time-in-care and prolonged substance abuse. *See* A.R.S. § 8-533(B)(3), (8)(c). At the termination hearing, DCS presented evidence that it provided a variety of reunification services to Mother including drug testing, a parent aide, visitation with A.C., and multiple referrals to TERROS for help with her substance abuse. The DCS

case worker testified she was concerned about Mother's sobriety. The exhibits admitted without objection confirmed that Mother either failed to call in for or skipped many drug tests, failed to complete any TERROS referrals, and tested positive for THC, cocaine, and methamphetamine.

**¶6** The juvenile court found that DCS proved both grounds for termination and that it was in A.C.'s best interests. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. § 8-235(A).

## DISCUSSION

**¶7** To terminate parental rights, the juvenile court must find (1) one of the statutory grounds articulated in A.R.S. § 8–533(B), by clear and convincing evidence; and (2) that termination is in the child's best interests, by a preponderance of the evidence. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). The court must also find that DCS made reasonable efforts to reunify the family. *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005). DCS is not required to provide every conceivable service, but it must give a parent "the time and opportunity to participate in programs designed to improve the parent's ability to care for the child." *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶ 37 (App. 1999). Here, Mother challenges the court's findings relating to reunification services and best interests.

**¶8** We view the evidence in the light most favorable to sustaining the juvenile court's ruling and will affirm if supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009). We do not reweigh the evidence presented because "[t]he resolution of conflicting evidence is 'uniquely the province of the juvenile court' . . . even when 'sharply disputed' facts exist." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018) (citations omitted).

### A. Reunification Services

**¶9** Mother argues that because DCS did not offer her any mental health services, termination of her parental rights was improper. She contends that because her mental health was one of the circumstances that led to A.C.'s out-of-home placement, DCS was required to make reasonable efforts to provide reunification services addressing her mental health. Mother also points out that TERROS recommended that DCS refer her for a psychological evaluation and noted she has mental health issues that need to be identified or addressed, but DCS took no further action.

**¶10** Mother does not identify, and our review of the record does not reveal, any point in the record where she raised the lack of mental health services in the juvenile court. Thus, she has waived the right to challenge the court's finding that DCS made reasonable efforts to provide those services. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 175, ¶ 1 (App. 2014). Moreover, DCS did not seek termination based on Mother's mental health, and she does not explain how mental health services would have helped in addressing her prolonged substance abuse. Regardless, the record supports the court's finding.

**¶11** Mother failed to fully engage in any service offered, including visitation with A.C. Mother received four referrals to TERROS for her substance abuse issues but did not complete any of them. At various times throughout the case, Mother tested positive for THC, methamphetamine, and cocaine; and she failed to call in for drug testing more than 300 times. Before DCS would assess whether she needed additional services, including mental health treatment, Mother was told she needed to demonstrate sobriety, which did not happen. And Mother does not dispute she was offered the various services outlined above. Thus, reasonable evidence supports the court's finding that DCS made reasonable efforts to provide reunification services.

### B. Best Interests

**¶12** Termination of parental rights "is in the child's best interests if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S.*, 245 Ariz. at 150, ¶ 13. "[W]hen a current placement meets the child's needs and the child's prospective adoption is otherwise legally possible and likely," a court may find termination of parental rights is in the child's best interests. *Id.* at 151, ¶ 14 (quotation and citation omitted). The court considers the "totality of the circumstances existing at the time of the severance." *Id.* at 150, ¶ 13.

**¶13** Mother argues the court abused its discretion in finding termination in A.C.'s best interests because the court could not properly consider the totality of the circumstances when Mother was not provided mental health services. As noted, the court did not err in concluding that DCS made reasonable reunification efforts. Thus, we reject Mother's contention that the court failed to consider all pertinent factors and evidence.

**¶14** Mother also argues that she and A.C. are bonded. In its ruling, the juvenile court explained it had considered "the totality of the

circumstances, including Mother's efforts toward reunification, the parent-child bond, and fitness to parent." The court also considered A.C.'s need for permanency and stability. Specifically, the court discussed A.C.'s current placement with paternal grandmother, where A.C. is "thriving" and able to maintain relationships with family members. The court also found that paternal grandmother intends to adopt A.C., but if not, A.C. is otherwise adoptable. The court recognized Mother's bond with the child; however, the bond between them cannot supersede A.C.'s need for safety and stability. *See Alma S.*, 245 Ariz. at 150, ¶ 12 ("The child's interest in stability and security must be the court's primary concern."). Because the court properly considered the relevant factors relating to best interests, no abuse of discretion occurred. Thus, we also reject Mother's assertion that the court's ruling on best interests lacked supporting evidence.

## CONCLUSION

¶15        We affirm the juvenile court's order terminating Mother's parental rights to A.C.



AMY M. WOOD • Clerk of the Court
FILED:     AA